■ James Kelly, Appellant, v Robert Canino, Doing Business as Marantha Construction Company, Defendant, and Angelo D'Angelo et al., Individually and Doing Business as New York Pizza, Respondents.—Judgment unanimously modified on the law and as modified affirmed with costs to defendants D'Angelo and Rosa and new trial granted, in accordance with the following memorandum: Plaintiff went to a construction site to seek counsel and comfort from his religious pastor, defendant Canino, who was also a contractor. Canino was rehabilitating apartments owned by defendants Rosa and D'Angelo. As plaintiff and Canino were descending a flight of

stairs, the stairs collapsed and plaintiff was injured. The trial court erred in granting the owners' motion to dismiss at the end of plaintiff's case insofar as it held that plaintiff was not covered by Labor Law § 241 (6). That section covers persons lawfully frequenting a construction area. The Industrial Code may be relied on to interpret it (*Lozo v Crown Zellerbach Corp.*, 142 AD2d 949; *DaBolt v Bethlehem Steel Corp.*, 92 AD2d 70, *lv dismissed* 60 NY2d 554), and the definition of "persons lawfully frequenting" is "[a]ny person exercising a lawful right of presence or passage in any area, including persons on a public sidewalk, street or highway" (12 NYCRR 23-1.4 [b] [39]). This broad definition clearly covers plaintiff (*see, e.g., Vallina v Wright & Kremers*, 7 AD2d 101, 106). On this record plaintiff is entitled to a new trial on that claim. Because there was no proof of negligence by the owners, plaintiff's Labor Law § 200 and common-law negligence claims were properly dismissed. (Appeal from judgment of Supreme Court, Cayuga County, Corning, J.—negligence.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.