*575 OPINION OF THE COURT
Alexander, J.
Plaintiff Norman J. Mordkofsky, the contract-vendee of a home being custom built in Sullivan County by defendant V.C.V. Development Corp., was injured when the deck of the house gave way while he was inspecting the progress of the work. He commenced this action against defendant to recover for his injuries, asserting two causes of action: negligence and violations of Labor Law §§ 200 and 241, respectively. Supreme Court denied without prejudice to renew, defendant’s motion for a change of venue, denied plaintiff’s cross motion for summary judgment and granted summary judgment dismissing plaintiff’s second cause of action, concluding that plaintiff was not a member of the class intended to be protected by those provisions of the Labor Law. On appeal to the Appellate Division, that court modified the Supreme Court order to reinstate the Labor Law cause of action and otherwise affirmed, holding that the protection afforded by sections 200 (l)[1] and 241 (6)[2] ***6extends to anyone lawfully frequenting an area in which construction work is being performed. The case is before us by leave of the Appellate Division upon the certified question: "Was the order of this Court, which modified the order of the Supreme Court, properly made?” For the reasons that follow, we answer the question in the negative, reverse the Appellate Division order, and reinstate Supreme Court’s dismissal of the second cause of action.
Plaintiff adopts the reasoning expressed in Corbett v Brown *576 (32 AD2d 27 [3d Dept]) to support his position that sections 200 and 241 protect members of the general public as well as workers. In Corbett (supra, at 31) the Appellate Division determined that, although the 1962 amendment to section 241 of the Labor Law, which repealed all seven subdivisions of former section 241 and replaced them with a single sentence, provided "for the protection of a special class, namely employees, it does not do so exclusively, as it also provides for the protection of anyone lawfully frequenting the premises.” Plaintiff argues that this language, also inserted in section 200 by the 1962 amendment demonstrates that the Legislature intended to extend the protection of sections 200 and 241 of the Labor Law to the general public.
In addition, plaintiff relies on the Industrial Code (12 NYCRR 23-1.4 [b] [39]), which defines "persons lawfully frequenting” as "[a]ny person exercising a lawful right of presence or passage in an area” and asserts that such reliance is proper in interpreting the language of Labor Law §§ 200 (1) and 241 (6) (see, Lozo v Crown Zellerbach Corp., 142 AD2d 949; DaBolt v Bethlehem Steel Corp., 92 AD2d 70, lv dismissed 60 NY2d 701).
There exists support for plaintiffs expansive reading of the statute in some Appellate Division decisions (see, e.g., Kelly v Canino, 156 AD2d 948 [4th Dept] [plaintiff injured at construction site seeking counsel and comfort from his religious pastor/contractor]; DeFreece v Penny Bag, 137 AD2d 744 [2d Dept] [plaintiff seeking employment fell through hole in roof of premises]; Corbett v Brown, 32 AD2d 27, supra [3d Dept] [interpreting the 1962 version of § 241]; see also, Brennan v M.L.P. Bldrs., 262 NY 464 [protection of pre-1962 § 241 extended to plaintiff, a steamfitter, invited to jobsite for potential employment by steamfitter boss]). Yet, in all but one of these cases — Kelly v Canino (supra) — the injured plaintiff was either a worker at the premises or a person seeking employment at the jobsite.
We have held that in order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513; Allen v Cloutier Constr. Corp., 44 NY2d 290; Koenig v Patrick Constr. Corp., 298 NY 313), a "plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by *577 someone, be it owner, contractor or their agent” (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971).
Our holdings reflect the clear legislative history of sections 200, 240 and 241 of the Labor Law, which demonstrates that the Legislature’s principal objective and purpose underlying these enactments was to provide for the health and safety of employees. Section 200 codifies the common-law duty of an employer to provide employees with a safe place to work (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299, supra; Yearke v Zarcone, 57 AD2d 457, 459 [Simons, J.], lv denied 43 NY2d 643). Sections 240 and 241 seek to "protectQ workers by placing 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor’ (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident’ ” (Zimmer v Chemung County Performing Arts, 65 NY2d, at 520, quoting Koenig v Patrick Constr. Co., 298 NY 313, 318, supra [emphasis supplied]). Recovery under the Labor Law similarly has been barred in actions where the plaintiff was a volunteer (see, Chabot v Baer, 82 AD2d 928, affd 55 NY2d 844; see also, Attanasio v Attanasio, 126 AD2d 812; Alver v Duarte, 80 AD2d 182).
In light of the legislative history and past precedent of this Court, we conclude that plaintiff is not entitled to the protections provided by Labor Law §§200 and 241. The primary purpose of the Labor Law was the protection of workers, thus, we are not persuaded that these provisions were also intended to extend protection to a contract-vendee such as plaintiff. Because he was not an "employee” or "employed” at this site, was not a "mechanic, workingman or laborer working for another for hire” (Labor Law §2 [5]) nor one "permitted or suffered to work” (Labor Law §2 [7]) at the place of the occurrence he cannot be considered to have been within the class of persons "employed therein or lawfully frequenting” the premises entitled to the protection afforded by the "flat and unvarying duty” imposed by the Labor Law. That cases such as Zimmer, Allen, and Whelen dealt primarily with claims seeking to impose liability under the provision of Labor Law § 240 in no way diminishes their applicability here.
Accordingly, the order of the Appellate Division should be reversed, with costs, and plaintiffs second cause of action *578 dismissed. The certified question should be answered in the negative.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. Labor Law § 200 provides: 1. All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places.

. Labor Law § 241 (6) provides:
All contractors and owners and their agents * * * when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: * * *
6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.