OPINION OF THE COURT
Robert G. Hurlbutt, J.
Both defendants move for partial summary judgment dis *455 missing so much of plaintiffs’ complaint and the respective cross claims against them as assert liability based upon violation of Labor Law §§ 200, 240 and/or 241. The motions are opposed by plaintiff, who asserts that he has viable claims against both defendants based upon duties imposed by those Labor Law sections.
On June 9, 1988 plaintiff fell through an open stairwell at the Bivens residence while making an inspection in his capacity as City of Oswego plumbing inspector. At the time of plaintiff’s fall, defendant Gibson was engaged in renovation work on the Bivens’ premises.
Plaintiff has claimed, and each of the defendants has claimed against the other, that defendants owed plaintiff duties of reasonable care pursuant to Labor Law §§ 200 and 241 (6), and an absolute duty pursuant to Labor Law § 240 (1). Defendants’ motions to dismiss are based upon the recent Court of Appeals decision in Mordkofsky v V.C.V. Dev. Corp. (76 NY2d 573). In Mordkofsky (supra, at 575), the court held that the protections of Labor Law §§ 200 and 241 (6) did not extend to the contract vendee of a building under construction. Judge Alexander, writing for the court, noted: "We have held that in order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513; Allen v Cloutier Constr. Corp., 44 NY2d 290; Koenig v Patrick Constr. Corp., 298 NY 313), a 'plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent’ (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971).” (Mordkofsky v V.C.V. Dev. Corp., supra, at 576-577.)
The court thus took pains to make it clear that notwithstanding the statutory inclusion in sections 200 and 241 (6) of persons lawfully frequenting such places, the protections of the Labor Law are intended solely for workers and for workers whose employment is with an owner, a contractor or their agent. (Supra, at 577.) Plaintiff here, although within the scope of his duties as a plumbing inspector and therefore "employed” at the site, was not employed by the owner, the contractor, or by an agent of either. Thus, he was not a "mechanic, workingman or laborer” within Labor Law § 2 (5). Accordingly, he is not an intended beneficiary of Labor Law §§ 200 and 241 (6). Inasmuch as Labor Law § 240 (1) lacks any *456 purported application to "persons lawfully frequenting” the premises, it is clear that plaintiff is likewise not a beneficiary of that section. (Labor Law § 240 [1]; see, the court’s reference to section 240 [1] cases in Mordkofsky v V.C.V. Dev. Corp., 76 NY2d, supra, at 577.)
The motions for dismissal of so much of plaintiffs’ complaint and the cross claims as assert claims based upon violation of Labor Law §§ 200, 240 (1) and § 241 (6) are granted.