■ TSE CHIN CHEUNG et al., Appellants, v G & M HARDWARE & ELECTRIC, INC., et al., Defendants, and 192 STREET ASSOCI-

ATES (N. Y. PART) et al., Respondents. (And Other Actions.) [670 NYS2d 495] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about May 1, 1997, which denied plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim, and granted defendants-respondents owners' cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

We agree with the IAS Court that the evidence unequivocally demonstrates that the chimney installation work plaintiff was doing on the "makeshift" scaffold that collapsed was gratuitously volunteered to his brother, who operated a restaurant on defendants' premises, and that plaintiff therefore cannot claim the protection of Labor Law §§ 200, 240 (1) and § 241 (6) (*see, Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970; *Gibson v Worthington Div.*, 78 NY2d 1108). The affidavits submitted by plaintiff and his brother in opposition to defendants' motion, which stated that plaintiff was paid by a different restaurant for the work he performed at defendants' premises, were properly rejected by the court as self-serving statements directly contradicting their earlier deposition testimony that plaintiff received no remuneration for this work (*see, Kistoo v City of New York*, 195 AD2d 403, 404). In any event, there was no showing of a proprietary relationship between the two restaurants, and thus there is no credible evidence that plaintiff was hired or compensated for this work by anyone who could be considered a contractor or agent of either defendants or plaintiff's brother (*see, Whelen v Warwick Val. Civic & Social Club, supra*). We have considered plaintiff's other arguments and find them to be without merit. Concur— Milonas, J. P., Nardelli, Mazzarelli and Saxe, JJ.