■ FRANK DANIELLO, Appellant-Respondent, v HOLY NAME CHURCH, Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. KINGS HARBOR NURSING HOME, Third-Party Defendant-Appellant-Respondent. [730 NYS2d 56] —Judgment, Supreme Court, Bronx County (Joseph Giamboi, J.), rendered August 31, 1999, awarding plaintiff damages in the amount of $171,928, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial on all issues.

Plaintiff slipped and fell from the top of an extension ladder while painting the gymnasium at a school affiliated with Holy Name Church (Holy Name). The project was conceived and carried out as follows: after discussing the need for repainting the gym with the school's principal, a parishioner of Holy Name, who worked at a hardware and lumber supplier, made an agreement with the assistant supervisor of Kings Harbor Care Center (Kings) that the parishioner would provide the materials and Kings the labor to paint the gym at no cost to Holy Name. Plaintiff and the other workers who assisted in the project were all employees of Kings. They were compensated by Kings in their usual manner for the work they performed. After the accident, plaintiff, as a Kings employee, applied for and received workers' compensation benefits for his injuries.

Plaintiff brought this action against Holy Name, as owner of the premises, for failure to provide him with safety devices, proper equipment and/or a safe place to work, pursuant to Labor Law § 240 (1). Holy Name then brought a third-party action against Kings, plaintiff's employer, seeking indemnification and contribution. On the first day of trial, on oral applica-

tions and prior to any testimony, the court granted plaintiff judgment on defendant's liability under Labor Law § 240 (1), and found third-party defendant liable for indemnification. The court then directed a bifurcated trial, first on damages, then on apportionment. The jury awarded plaintiff $171,928, and it adjudged defendant and third-party defendant each 50% liable for plaintiff's injuries.

We reverse. Although the judgment appealed reflects that findings of liability were made against defendant and third-party plaintiff after trial, they were in fact granted on oral applications made on the first day of the trial, before any testimony had been taken or evidence admitted. Had summary judgment properly been sought and granted, CPLR 5019 would allow this Court to correct the judgment to reflect the fact that liability in both cases was summarily determined in favor of plaintiff and third-party plaintiff. However, counsels' applications were not substantiated by evidentiary facts from a person with knowledge of how the accident happened as required by CPLR 3212 (b), thereby precluding a finding that plaintiff was entitled to a judgment on liability pursuant to Labor Law § 240 (1) (*see, Holt v Welding Servs.,* 264 AD2d 562, *lv dismissed* 94 NY2d 899). Because the court improperly granted the application for judgment, we vacate the judgment appealed.

Although the issue was not addressed by the IAS court, Holy Name also claimed that plaintiff could not recover because it did not pay Kings to paint its gym. In *Whelen v Warwick Val. Civic & Social Club* (47 NY2d 970, 971), the Court of Appeals held that "[t]o come within the special class for whose benefit absolute liability is imposed upon contractors, owners and their agents to furnish safe equipment for employees under section 240 of the Labor Law, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent. A volunteer who offers his services gratuitously cannot claim the protection afforded by the 'flat and unvarying duty' flowing to this special class contained in section 240." As applied here, while Kings may have offered its services to Holy Name free of charge, it is undisputed that plaintiff reported to his job on the day of his accident, was directed to perform the painting project at Holy Name by his supervisor, was paid by Kings to complete the task, and was awarded workers' compensation benefits for his injuries. Thus, plaintiff was not a "volunteer" outside the class of workers that Labor Law § 240 (1) is intended to protect (*cf., Vernum v Zilka,* 241 AD2d 885, 886-887; *compare, Tse Chin Cheung v G & M*

*Hardware & Elec.*, 249 AD2d 28; *Harrison v City of New York*, 248 AD2d 592, *lv dismissed in part and denied in part* 92 NY2d 872; *Gibson v Worthington Div.*, 78 NY2d 1108). Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.