[898 NE2d 545, 869 NYS2d 362]

Eric Stringer, Appellant, v Barbara Musacchia, Individually and as Trustee of the John Musacchia Residual Trust B-1, et al., Respondents.

Argued September 11, 2008; decided October 21, 2008

## POINTS OF COUNSEL

*Lewis & Stanzione,* Catskill (*Ralph C. Lewis, Jr.,* of counsel), for appellant. Plaintiff-appellant was an employee within the meaning of Labor Law § 240 (1). (*Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970; *Tse Chin Cheung v G & M Hardware & Elec.,* 249 AD2d 28; *Howerter v Dugan,* 232 AD2d 524; *Curatolo v Postiglione,* 2 AD3d 480; *Thompson v Marotta,* 256 AD2d 1124.)

*Bailey, Kelleher & Johnson, P.C.,* Albany (*Thomas J. Johnson* of counsel), for respondents. Plaintiff is not a person to whom the Labor Law applies. (*Whelen v Warwick Val. Civic & Social Club,* 89 Misc 2d 577, 63 AD2d 646, 47 NY2d 970; *Yearke v Zarcone,* 57 AD2d 457; *Thompson v Marotta,* 256 AD2d 1124; *Curatolo v Postiglione,* 2 AD3d 480; *Tse Chin Cheung v G & M Hardware & Elec.,* 249 AD2d 28; *Howerter v Dugan,* 232 AD2d 524; *Vernum v Zilka,* 241 AD2d 885.)

## OPINION OF THE COURT

Graffeo, J.

The strict liability provisions of Labor Law § 240 (1) apply to employees but not to persons who volunteer to work on a project. In this case, we are asked to decide whether plaintiff was entitled to section 240 (1) protection when he built a shed for an acquaintance while on a hunting trip. Based on the facts of this case, we conclude that plaintiff was not covered under the statute.

In 2001, defendant Barbara Musacchia was the sole trustee of the John Musacchia Residual Trust B-1 that owned property in

Greene County. Her son, John Musacchia, Jr., held hunting excursions on the land, including an annual turkey hunt in May. Frequently invited were celebrity guests who were filmed for television productions. Certain friends of Musacchia were invited as well, but these hunters were asked to do chores around the property in the afternoons following the morning hunts. All of the guests slept and ate in the residence located on the property.

Plaintiff Eric Stringer, a resident of Georgia, was an avid archer who met Musacchia at an archery exhibition. Stringer had experience in the construction industry and Musacchia hired him to construct a trade show display for the family's archery company. Stringer was interested in joining the turkey hunt in May 2001 and Musacchia realized that extending the invitation could be beneficial—for some time he had wanted to erect an implement shed on the Greene County property to house machinery but an earlier $6,000 estimate from a local contractor had been rejected by his mother as too costly. After discussing the project with Stringer, Musacchia told him that he could participate in the hunt if he was willing to build the shed in the afternoons. Stringer agreed and purchased a plane ticket to New York, arriving in Greene County on or about May 1, 2001.

For more than a week after his arrival, Stringer hunted on the property and worked on the shed. Then, on May 10th, as he was standing on an extension ladder attempting to install a rafter, the ladder "kicked out" beneath him and he fell 8 to 10 feet to the ground onto a bag of concrete. Musacchia later found Stringer injured and drove him to a hospital, where doctors discovered that his Achilles tendon had been severed. Stringer returned home to Georgia for a series of surgeries.

Stringer commenced this action against Barbara Musacchia, individually and as trustee of the family trust, and the trust itself, asserting causes of action premised on common-law negligence and Labor Law §§ 200, 240 (1) and § 241. The parties cross-moved for summary judgment. Supreme Court granted defendants' motion, in part, by dismissing the negligence and section 200 and 241 claims, but granted plaintiff summary judgment as to liability on the section 240 (1) cause of action, concluding that Stringer was entitled to the statute's strict liability protections because he was acting as an "employ-

ee" when he was building the shed (2006 NY Slip Op 30432[U]).[1] The Appellate Division, with two Justices dissenting, modified by dismissing the section 240 (1) claim, ruling that Stringer was a volunteer because he was not obligated to complete the shed and did not receive any monetary compensation (46 AD3d 1274 [2007]). Plaintiff appeals as of right on the two-Justice dissent, and we now affirm.

The primary purpose of Labor Law § 240 (1) is to extend special protections to "employees" or "workers" (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985]). Inclusion in this "special class for whose benefit absolute liability is imposed" requires a plaintiff to "demonstrate that 'he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it [the] owner, contractor or their agent' " (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). As a result, we have held that the statute does not apply to a volunteer who performs a service gratuitously (*see Whelen v Warwick Val. Civic & Social Club*, 47 NY2d at 971; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d at 577). Aside from these references in *Whelen* and *Mordkofsky*, however, we have not had the opportunity to elaborate on what differentiates an employee from a volunteer.

Analysis of this issue requires consideration of the traditional parameters of employer-employee relationships in conjunction with the Legislature's intent in enacting Labor Law § 240 (1).[2] The term "employee" is statutorily defined as a "mechanic, workingman or laborer working for another *for hire*" (Labor Law § 2 [5] [emphasis added]). When a person has been hired, at least three factors are usually present. First, there is the voluntary undertaking of a mutual obligation—the employee agrees to perform a service in return for compensation (usually monetary) from the employer, thereby revealing an economic motivation for completing the task (*see* Black's Law Dictionary 565 [8th ed] [an "employer" is the person who "pays the worker's salary or wages"]). Second, although not an essential

---

1. Labor Law § 240 (1) does not apply to "owners of one and two-family dwellings who contract for but do not direct or control the work" of the person(s) they hire. Defendants did not raise this as a defense so we have no occasion to determine its application to this case.

2. The statute also applies to independent contractors, but it is not alleged here that Stringer acted in this capacity.

factor, an employer may exercise authority in directing and supervising the manner and method of the work (*see e.g. Daniello v Holy Name Church*, 286 AD2d 268, 269 [1st Dept 2001]; Black's Law Dictionary 564 [8th ed] [a person is an "employee" if "the employer has the right to control the details of work performance"]). Third, the employer usually decides whether the task undertaken by the employee has been completed satisfactorily.

Corresponding with these aspects of employer-employee relations is the purpose that underlies Labor Law § 240 (1). In enacting the statute, the Legislature "intended to place 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor' rather than on the workers themselves" (*Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 338 [2008], quoting Mem of Senator Calandra and Assemblyman Amann, 1969 NY Legis Ann, at 407). In addition, the Appellate Divisions have recognized that section 240 (1) was not intended to make owners strictly liable to family members, acquaintances or neighbors who are injured while assisting in the completion of a home repair or improvement project without compensation because no true employment obligation arises in such situations (*see e.g. Schwab v Campbell*, 266 AD2d 840 [4th Dept 1999]; *Tse Chin Cheung v G & M Hardware & Elec.*, 249 AD2d 28 [1st Dept 1998]; *Alver v Duarte*, 80 AD2d 182 [3d Dept 1981]; *Yearke v Zarcone*, 57 AD2d 457 [4th Dept 1977]; *cf. Thompson v Marotta*, 256 AD2d 1124 [4th Dept 1998] [employment relationship found because the plaintiff agreed to do work in exchange for the defendant's waiver of a security deposit and allowing the plaintiff to live in a home for two or three months without paying rent]). And even where the person who provides such assistance to a homeowner receives some ancillary, nonmonetary benefit in return and the homeowner is relieved of having to pay someone to complete the task, a formal employment relationship has not developed (*see generally Howerter v Dugan*, 232 AD2d 524 [2d Dept 1996]).

We believe that the reasoning of the Appellate Divisions is consistent with both the intent of the Labor Law and the plain meaning of the terms "employee" and "for hire." Consequently, we hold that an individual does not become an employee covered by Labor Law § 240 (1) by providing casual, uncompensated assistance to another person with a repair or construction project in an informal arrangement that does not give rise to mutual

duties or obligations between them and bears none of the traditional hallmarks of an employment relationship.

Applying this standard, Stringer was not defendants' employee for purposes of section 240 (1) liability. Stringer was interested in pursuing a recreational activity—hunting turkeys—and in return for being allowed to participate in the hunt, he volunteered to construct a shed with no expectation of being paid a wage or salary. This was an informal arrangement between Stringer and Musacchia, and neither man assumed a contractual obligation to the other. Aside from paying for the materials used, Musacchia did not control or supervise Stringer's efforts. Thus, Stringer was acting as a volunteer and not as an employee when he was injured. Defendants were therefore entitled to summary judgment dismissing the Labor Law § 240 (1) cause of action.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.