■ SEAN FALLON et al., Appellants, v FLACH DEVELOPMENT & REALTY, INC., Respondent. [896 NYS2d 510]—

Malone Jr., J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 2, 2009 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Sean Fallon (hereinafter plaintiff), a volunteer firefighter for the Town of Coxsackie Hose 3 Fire Company, was injured while making improvements at a warehouse owned by defendant in which the fire company was temporarily housing

---

some of its vehicles. Specifically, the fire company had put out a notice to its members requesting volunteers to install plastic sheeting and heaters in the warehouse to prevent the vehicles stored there from freezing. Plaintiff responded to this call for volunteers and, while he was ascending an extension ladder, it apparently collapsed, causing him to fall. Plaintiff and his wife, derivatively, then commenced this action to recover damages for his injuries, asserting causes of action pursuant to Labor Law §§ 200, 240 and 241. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal by plaintiffs ensued.

"The primary purpose of [the Labor Law] is to extend special protections to 'employees' or 'workers' " who are *hired* by someone—either an owner, contractor or an agent—to perform work on a building or structure (*Stringer v Musacchia*, 11 NY3d 212, 215 [2008] [citations omitted]; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004]; *see also* Labor Law § 2 [5]; *Benamati v McSkimming*, 8 AD3d 815, 816 [2004]). The Court of Appeals has made it clear that the Labor Law "does not apply to a volunteer who performs a service gratuitously" (*Stringer v Musacchia*, 11 NY3d at 215; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d at 50-51). Evidence that a person is a hired employee, rather than a volunteer, includes the existence of a "voluntary undertaking of a mutual obligation," which is usually in the form of an agreement between the parties by which the employee will perform an assigned task in exchange for compensation from the employer (*Stringer v Musacchia*, 11 NY3d at 215).

Here, there is no evidence that defendant contracted for the work at the warehouse—which, incidentally, did not benefit defendant in any way—or otherwise agreed to compensate plaintiff for his services. Defendant did not request plaintiff to be at the warehouse and did not know that plaintiff was there until after the accident (*see Personius v Mann*, 20 AD3d 616, 617 [2005]). Absent the necessary "mutual duties or obligations between" the parties, the situation here "bears none of the traditional hallmarks of an employment relationship" (*Stringer v Musacchia*, 11 NY3d at 216-217). As such, we find that plaintiff was not an employee hired by defendant. Nor is there evidence of an employment relationship between defendant and the fire company such that the fire company could be considered an agent or contractor of defendant.*

Finally, plaintiffs contend that defendant's ownership of the

---

* We note that defendant's liability in that situation would further depend on a finding that, at the time of the accident, plaintiff was an employee, not a volunteer, of the fire company. Although plaintiffs advocate for such finding, it

warehouse alone is sufficient to impose strict liability under the Labor Law, despite the fact that defendant did not contract for, or have knowledge of, the work performed there. However, "[i]n cases imposing liability on a property owner who did not contract for the work performed on the property . . . 'some nexus between the owner and the worker, whether by lease agreement or grant of an easement, or other property interest' [is required]" (*Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009], quoting *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d at 51). As there is no evidence on this record of any such nexus between defendant and plaintiff, this argument is unpersuasive. To the extent not specifically addressed, herein, plaintiffs' remaining claims have been considered and found to be unavailing. Accordingly, defendant was properly granted summary judgment dismissing the complaint.

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

need not be made here as plaintiff's employment status with the fire company at the time of the accident is irrelevant under the circumstances presented.