*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    520362
_____

GEORGE HILL,
                    Appellant,

            v                               MEMORANDUM AND ORDER

COUNTRY CLUB ACRES, INC.,
                    Respondent.
_____

Calendar Date:  October 13, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

                    _____

        Buckley, Mendleson, Criscione & Quinn, PC., Albany (John J. Criscione of counsel), for appellant.

        Office of Theresa J. Puleo, Syracuse (Norah M. Murphy of counsel), for respondent.

                    _____

Garry, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.), entered September 30, 2014 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

        Plaintiff is the sole member of 43 Round Lake, LLC (hereinafter Round Lake), which he formed in July 2010 to purchase and operate a restaurant business located in a strip mall owned by defendant.  When Round Lake bought the business, it also purchased the restaurant's equipment, including, as relevant here, ceiling fans.  At the time of the purchase, the parties were aware that defendant planned to demolish and redevelop part of the strip mall, which would require the restaurant to vacate the mall.  Plaintiff therefore entered into a month-to-month

lease on Round Lake's behalf, giving defendant the right to terminate the tenancy upon obtaining approval for the project. In April 2011, defendant served the anticipated notice to vacate. In May 2011, plaintiff was injured in a fall from a ladder that occurred while he was engaged in removing a fan from the restaurant ceiling.

Plaintiff commenced this action seeking damages pursuant to Labor Law §§ 200, 240 and 241 (6). Following discovery, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for partial summary judgment on the Labor Law § 240 cause of action. Supreme Court granted defendant's motion, denied the cross motion, and dismissed the complaint. Plaintiff appeals.

The Legislature's primary purpose in enacting Labor Law §§ 200, 240 and 241 "was to provide for the health and safety of employees" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577 [1990]). As such, these enactments "extend special protections to employees or workers who are hired by someone — either an owner, contractor or an agent — to perform work on a building or structure" (Fallon v Flach Dev. & Realty, Inc., 71 AD3d 1258, 1259 [2010] [internal quotation marks and citation omitted]; see Stringer v Musacchia, 11 NY3d 212, 215 [2008]). Thus, a plaintiff who seeks to recover under the Labor Law must show that he or she "'was both permitted or suffered to work on a building or structure and was hired by someone'" to do so (Lee v Jones, 230 AD2d 435, 436 [1997] [ellipsis omitted], lv denied 91 NY2d 802 [1997], quoting Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]; accord Benamati v McSkimming, 8 AD3d 815, 816 [2004]; see Labor Law § 2 [5], [7]). We agree with Supreme Court that defendant established as a matter of law that plaintiff was not hired by anyone and was not acting as an employee of defendant or Round Lake when he removed the ceiling fan and, thus, was not entitled to the protection of Labor Law §§ 200, 240 and 241.

In support of its motion for summary judgment, defendant's representatives averred that defendant did not hire or direct plaintiff to remove the fan, testifying that defendant allowed, but did not require, tenants to remove their property before the

demolition, and that "[i]t didn't matter" to defendant whether the property was removed or left in place. Defendant also submitted plaintiff's deposition testimony, in which he testified that he decided on his own to remove the ceiling fan, and that defendant did not pay, compensate or direct him to do so. To demonstrate that plaintiff did not have an employment relationship with Round Lake, defendant submitted the parties' lease agreement, which plaintiff executed as "Member" and "Guarantor" rather than as an officer or employee of the company. Defendant further submitted deposition testimony in which plaintiff identified himself as the owner of Round Lake and other individuals as employees. He further testified that he did not receive paychecks from Round Lake, but instead drew varying amounts from the company's revenues depending upon its income and his obligations. This evidence met defendant's prima facie burden of establishing that neither defendant nor Round Lake hired or employed plaintiff to remove the fan (see Fallon v Flach Dev. & Realty, Inc., 71 AD3d at 1259).

In response, plaintiff submitted an affidavit stating that he was "employed by [Round Lake]." This claim was inconsistent with his prior deposition testimony that he was the company's owner rather than its employee, and "a party cannot create an issue of fact by submitting a self-serving affidavit that contradicts prior sworn testimony" (Benamati v McSkimming, 8 AD3d at 817 [internal quotation marks and citation omitted]; see Ginty v American Funds Serv. Co., 121 AD3d 1452, 1453 [2014]). His counsel's affirmation that plaintiff was employed by Round Lake was not premised on personal knowledge and has no probative value (see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395 [2009], lv denied 14 NY3d 706 [2010]; Bronson v Algonquin Lodge Assn., 295 AD2d 681, 682 [2002]).

Plaintiff further argues that the lease between defendant and Round Lake would have provided an adequate nexus to impose strict liability on defendant for an injury to an employee of Round Lake (see e.g. Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 341-342 [2008]) and that, as he was performing work that would otherwise have been done by an employee, he should be entitled to the same level of protection. We reject this claim. Assuming without deciding that an employee would be entitled to

statutory protection in these circumstances, the roles are not equivalent.  As Round Lake's owner, plaintiff was benefitting himself in removing the fan, both by retrieving his company's property and by performing work that the company otherwise would have had to pay a laborer to perform.  His performance of the task "[did] not give rise to mutual duties or obligations between [himself and Round Lake] and [bore] none of the traditional hallmarks of an employment relationship" (Stringer v Musacchia, 11 NY3d at 216-217).  Accordingly, Supreme Court properly determined that he did not fall within the class of workers protected by the Labor Law (see Mordkofsky v V.C.V. Dev. Corp., 76 NY2d at 577; Whelen v Warwick Val. Civic & Social Club, 47 NY2d at 971; Fallon v Flach Dev. & Realty, Inc., 71 AD3d at 1259).

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:


Robert D. Mayberger
Clerk of the Court