Penza v Quoohs (2019 NY Slip Op 01150)





Penza v Quoohs


2019 NY Slip Op 01150


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8407 109597/11

[*1]Anthony Penza, Plaintiff-Appellant,
v
Olaf Quoohs, et al., Defendants-Respondents, "John Doe", etc., Defendant. [And a Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Rubin, Fiorella & Friedman LLP, New York (Stewart B. Greenspan of counsel), for Olaf Quoohs and Eric Quoohs, respondents.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York (Miles A. Linefsky of counsel), for Edmund Sylvester and Anne Sylvester, respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 7, 2016, which, to the extent appealed from as limited by the briefs, granted defendants Olaf Quoohs and Eric Quoohs's motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action as against them, unanimously affirmed, without costs.
Plaintiff and his company were hired by defendants Edmund Sylvester and Anne Sylvester to remove trees situated along their property line or between their property and the Quoohses' property. Plaintiff was injured when he fell from the roof of the third-floor terrace of the Quoohses' property, which he was standing on so that he could reach branches of the trees.
The record demonstrates that the Labor Law causes of action were correctly dismissed as against the Quoohses, because plaintiff was not the Quoohses' employee when he was injured (see Stringer v Musacchia, 11 NY3d 212, 215-216 [2008]). Plaintiff had not agreed to remove the trees in return for compensation from the Quoohses, and the Quoohses did not direct or supervise the manner or method of plaintiff's work and would not decide whether the tree removal had been completed satisfactorily.
The record also demonstrates that, contrary to plaintiff's contention, the Quoohses cannot be held liable to plaintiff on the ground that they allowed him access to their property to perform his work for the Sylvesters. Before plaintiff undertook the tree removal work, the Quoohses had given the Sylvesters instructions regarding access to their property by other contractors performing work for the Sylvesters; one such instruction was that the contractors were not permitted access to the roof of the third-floor terrace. With respect to plaintiff's work, plaintiff testified that he never told Olaf Quoohs that he would be going onto the third-floor-terrace roof, Olaf Quoohs testified that no one told him that the Sylvesters' contractors would have to go onto the third-floor-terrace roof to remove the trees, and Edmund Sylvester testified that he did not [*2]believe that plaintiff had permission to be on the third-floor-terrace roof.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK