Marmolejo-Cuellar v Spar Knitwear Corp. (2025 NY Slip Op 01621)

Marmolejo-Cuellar v Spar Knitwear Corp.

2025 NY Slip Op 01621

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-06235
 (Index No. 709554/22)

[*1]Ana Marmolejo-Cuellar, et al., appellants,
v
Spar Knitwear Corp., et al., respondents, et al., defendants (and a third-party action).

Law Offices of Costas M. Eliades, P.C., New York, NY, for appellants.
Eric D. Feldman, Melville, NY (David R. Holland of counsel), for respondent Southern Contractors, LLC.
Keith J. Conway, Melville, NY (Kimberly A. von Arx of counsel), for respondents Spar Knitwear Corp., Tamkat Building Corp., and Orkat Realty, Ltd.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered May 11, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Southern Contractors, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it and granted those branches of the motion of the defendants Spar Knitwear Corp., Tamkat Building Corp., and Orkat Realty, Ltd., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against them and the cause of action alleging common-law negligence insofar as asserted against the defendant Spar Knitwear Corp.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff Ana Marmolejo-Cuellar (hereinafter the injured plaintiff) allegedly was injured when, while walking inside an office, she tripped and fell on loose, two-by-four pieces of wood, which had been temporarily placed on the floor. The office was located in a building owned by the defendant Spar Knitwear Corp. (hereinafter Spar) and was leased to the third-party defendant, Melcon General Contractors, LLC (hereinafter Melcon). On the date of the accident, the injured plaintiff was employed by Melcon as a secretary to perform clerical work within the office. The injured plaintiff also occasionally performed clerical work within the office for the defendant Southern Contractors, LLC (hereinafter Southern). Melcon and Southern are owned by the same principal.
The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, Spar, Tamkat Building Corp., and Orkat Realty, Ltd., (hereinafter collectively the building defendants), and Southern, inter alia, to recover damages for personal injuries allegedly sustained by the injured plaintiff in the accident. In the complaint, the plaintiffs asserted, among [*2]other things, causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, the building defendants commenced a third-party action against Melcon. Southern moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the building defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered May 11, 2023, the Supreme Court, inter alia, granted those branches of Southern's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it and granted those branches of the building defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against them and the cause of action alleging common-law negligence insofar as asserted against Spar. The plaintiffs appeal.
The Supreme Court properly granted those branches of Southern's motion and those branches of the building defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted as against each of them. "The Labor Law defines 'employee' as 'a mechanic, workingman or laborer working for another for hire' (id. § 2[5]) and 'employed' as 'permitted or suffered to work' (id. § 2[7]; see Pastier v C.A.C. Indus., Inc., 204 AD3d 1029, 1030). "'[I]n order to invoke the protections afforded by the Labor Law and to come within the special class [of workers] for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent'" (Daeira v Genting N.Y., LLC, 173 AD3d 831, 834, quoting Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577; see Labor Law §§ 2[5]; [7]). Here, Southern and the building defendants each established, prima facie, that the injured plaintiff was not within the class of persons subject to the protections of the Labor Law (see Laura v Lippolos Constr., Inc., 219 AD3d 823, 824; Auriemma v Brooklyn Hosp. Ctr., 204 AD3d 969, 970). In support of their respective motions, Southern and the building defendants submitted, among other things, a transcript of the deposition testimony of the injured plaintiff and of Eric Mendoza, the principal of both Melcon and Southern, which demonstrated that the injured plaintiff had not been retained to perform any repairs or construction work at the premises and was not engaged in the performance of any such work at the premises (see Pastier v C.A.C. Indus., Inc., 204 AD3d at 1030-1031; Auriemma v Brooklyn Hosp. Ctr., 204 AD3d at 970). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of the building defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against Spar. "An 'out-of-possession landlord [is] not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty'" (McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714, quoting Muller v City of New York, 185 AD3d 834, 835; see Skjoldal v Pacific W. Constr. Corp., 222 AD3d 1021, 1023). Here, the building defendants established, prima facie, through the submission of the lease agreement and transcripts of the deposition testimony of certain parties, that Spar was an out-of-possession landlord that was not bound by contract or a course of conduct to maintain the interior of the premises where the injured plaintiff allegedly was injured (see Skjoldal v Pacific W. Constr. Corp., 222 AD3d at 1023). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of Southern's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it and those branches of the building defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against them and the cause of action alleging common-law negligence insofar as asserted against Spar.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court