Zampko v Houghtaling (2025 NY Slip Op 04507)

Zampko v Houghtaling

2025 NY Slip Op 04507

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-04185
 (Index No. 51147/21)

[*1]Shawn Zampko, appellant, 
v
Alan Houghtaling, et al., respondents.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Rende, Ryan & Downes, LLP, White Plains, NY (Alissa A. Mendys and Kristen John of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated April 4, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured in the course of performing work on the roof of an automotive repair shop owned or controlled by the defendants Alan Houghtaling and Lisa Schoonmaker when the ladder the plaintiff was using to access the roof fell away from the building while he was stepping from the ladder onto the roof, causing him to fall to the ground. The plaintiff commenced this action against the defendants alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence.
After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants cross-moved for summary judgment dismissing the complaint, arguing that the plaintiff was not entitled to the protection of the Labor Law because he was a volunteer, rather than an employee, or, alternatively, because he was the sole proximate cause of the accident. By order dated April 4, 2024, the Supreme Court granted the defendants' cross-motion and denied the plaintiff's motion, concluding, among other things, that the plaintiff was performing work as a volunteer. The plaintiff appeals.
"[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a 'plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or [*2]structure and that he [or she] was hired by someone, be it owner, contractor or their agent'" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [citations omitted], quoting Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971; see Stringer v Musacchia, 11 NY3d 212, 215). Thus, "[a] volunteer who offers his [or her] services gratuitously cannot claim the protection" of the Labor Law (Whelen v Warwick Val. Civic & Social Club, 47 NY2d at 971; see Stringer v Musacchia, 11 NY3d at 215). More expansively, "an individual does not become an employee covered by [the Labor Law] by providing casual, uncompensated assistance to another person with a repair or construction project in an informal arrangement that does not give rise to mutual duties or obligations between them and bears none of the traditional hallmarks of an employment relationship" (Stringer v Musacchia, 11 NY3d at 216-217). This is true "even where the person who provides such assistance to [an owner] receives some ancillary, nonmonetary benefit in return and the [owner] is relieved of having to pay someone to complete the task" (id. at 216 [emphasis added]).
Here, contrary to the Supreme Court's conclusion, the defendants failed to eliminate triable issues of fact as to whether the plaintiff was a hired worker entitled to the protections of the Labor Law. Houghtaling, who owned and operated the repair shop, testified at his deposition that a friend of the plaintiff had approached him about helping the plaintiff, who was "down and out," by fixing the plaintiff's car. Houghtaling responded that the plaintiff should bring in his car and that he would "do the best that [he] c[ould], like [he did] for everybody." When the plaintiff came in, Houghtaling told him that the repairs would cost $900. The plaintiff asked what he could do for Houghtaling "in return." According to Houghtaling, the roof of the shop had been leaking for five years and he had intended to fix the roof himself. Houghtaling told the plaintiff that he could seal coat the roof of the shop. Houghtaling performed the repairs on the plaintiff's car at no charge, and the following weekend, the plaintiff began the work on the roof.
Under these circumstances, triable issues of fact remain as to whether the arrangement between the plaintiff and Houghtaling bore "the traditional hallmarks of an employment relationship" (Stringer v Musacchia, 11 NY3d at 217), including a "mutual obligation . . . revealing an economic motivation for completing the task" and the employer's right to decide "whether the task undertaken by the employee has been completed satisfactorily" (id. at 215-216; see Dos Anjos v Palagonia, 165 AD3d 626, 627; Aloise v Saulo, 51 AD3d 829, 830; Curatolo v Postiglione, 2 AD3d 480, 481).
Accordingly, the defendants were not entitled to summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) on the ground that the plaintiff was a volunteer. Similarly, since triable issues of fact remain as to whether the plaintiff was an employee entitled to the protections of Labor Law §§ 240(1) and 241(6), the plaintiff was not entitled to summary judgment on the issue of liability on those causes of action.
The defendants also were not entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) on the alternative ground that the plaintiff was the sole proximate cause of the accident. "A defendant has no liability under Labor Law § 240(1) when plaintiffs: (1) 'had adequate safety devices available,' (2) 'knew both that' the safety devices 'were available and that [they were] expected to use them,' (3) 'chose for no good reason not to do so,' and (4) would not have been injured had they 'not made that choice'" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168, quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40). Here, contrary to the defendants' contention, the plaintiff's failure to have Houghtaling hold the bottom of the ladder did not demonstrate that the plaintiff was the sole proximate cause of the accident because he chose not to use available safety devices (see Grant v City of New York, 109 AD3d 961, 962-963; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 619; Madden v Trustees of Duryea Presbyt. Church, 210 AD2d 382, 382).
However, the Supreme Court properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. "Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable [under the common law] or Labor Law § 200 unless it had the authority to supervise or control the performance of the work" [*3](Sullivan v New York Athletic Club of the City of N.Y., 162 AD3d 955, 958; see Jia Zhong Liu v Yung, 225 AD3d 587, 590). "A defendant has the authority to control the work . . . when that defendant bears the responsibility for the manner in which the work is performed" (Sullivan v New York Athletic Club of the City of N.Y., 162 AD3d at 958 [internal quotation marks omitted]). Here, the defendants demonstrated, prima facie, that they lacked "sufficient supervisory control over the plaintiff's work to subject [them] to liability under either Labor Law § 200 or common-law negligence" (id.). In opposition, the plaintiff failed to raise a triable issue of fact.
BARROS, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court