■ KENNETH PASSANTE, Appellant, v PECK & SANDER PROPERTIES, LLC, et al., Respondents. [823 NYS2d 220]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 4, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The Labor Law protects employees, defined as workers for hire (*see* Labor Law § 2 [5]). To be covered under the provisions of the Labor Law, a plaintiff must "demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). There must be a connection between the defendant and the worker, "whether by a lease agreement or grant of an easement, or other property interest" (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]).

The Supreme Court properly granted summary judgment dismissing the causes of action to recover damages based on violations of Labor Law §§ 200, 240 (1), and § 241 (6) as the plaintiff was not employed at the site within the meaning of the Labor Law (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990]; *Personius v Mann*, 20 AD3d 616 [2005], *mod on other grounds* 5 NY3d 857 [2005]; *Harrison v City of New York*, 248 AD2d 592, 593 [1998]). The Supreme Court also properly granted summary judgment dismissing the cause of action based on common-law negligence because, after the defendants made a prima facie showing of their entitlement to summary judgment as a matter of law, the plaintiff failed to raise a triable issue of fact regarding the defendants' actual or constructive notice of any defective condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]). Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.