■ RUBEN BASTIDAS, Respondent, v EPIC REALTY, LLC, et al., Appellants. [850 NYS2d 623]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 29, 2006, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he fell from a ladder while plastering walls in an apartment building owned by the defendant Epic Realty, LLC (hereinafter Epic), and managed by the defendant Pine Management, Inc. (hereinafter Pine). A building superintendent employed by Pine was the tenant of the subject apartment and was renovating it with the help of another superintendent employed by Pine.

The defendants established, prima facie, their entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action with evidence that the vice president of Pine, who also was a principal of Epic, did not hire the plaintiff, who arrived at the premises unexpectedly and was allowed to work with the mere expectation of payment from one of Pine's superintendents (*see Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *Passante v Peck & Sander Props., LLC*, 33 AD3d 980 [2006]). In opposition, the plaintiff raised a triable issue of fact by submitting evidence that the defendants had authorized Pine's superintendents to carry out the renovation project and that the plaintiff accepted the job under an implied agreement to be paid by the superintendent who had informed him of the project, and for whom the plaintiff had previously worked (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]; *Pineda v 79 Barrow St. Owners Corp.*, 297 AD2d 634 [2002]; *cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]; *Sanatass v Consolidated Inv. Co., Inc.*, 38 AD3d 332 [2007]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action under Labor Law § 240 (1). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.