■ EMILIO ALOISE, Appellant, v ALFRED SAULO, Respondent, et al., Defendant. [858 NYS2d 355]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 19, 2007, as granted that branch of the cross motion of the defendant Alfred Saulo which was for summary judgment dismissing the causes of action alleging a violation of Labor Law §§ 200 and 241 (6) insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Alfred Saulo which was for summary judgment dismissing the causes of action alleging a violation of Labor Law §§ 200 and 241 (6) insofar as asserted against him is denied.

The plaintiff allegedly was injured when he was struck in the

eye by a nail while performing construction work on the deck of premises owned by the defendant Alfred Saulo (hereinafter the defendant). Contrary to the defendant's argument, he failed to establish that he was entitled to judgment as a matter of law dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against him on the ground that the plaintiff was not within the class of persons entitled to the protection of Labor Law §§ 200 and 241 (6). "The Labor Law protects employees, defined as workers for hire (*see* Labor Law § 2 [5])" (*Passante v Peck & Sander Props., LLC*, 33 AD3d 980, 980 [2006]). To be covered under the provisions of the Labor Law, a plaintiff must "demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). Although the Labor Law does not protect volunteers (*id.*; *see Howerter v Dugan*, 232 AD2d 524, 525 [1996]), the defendant failed to establish, as a matter of law, that the plaintiff was a volunteer.

The relationship necessary for Labor Law liability is determined by whether or not the party was "permitted or suffered to work" on the premises (Labor Law § 2 [7]) in fulfillment of an obligation, even if the benefit bestowed in exchange for the work was nonmonetary in nature (*see* Labor Law § 2 [5], [7]; *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d at 971; *cf. Bastidas v Epic Realty, LLC*, 47 AD3d 861 [2008]; *Stringer v Musacchia*, 46 AD3d 1274 [2007]; *Schwab v Campbell*, 266 AD2d 840, 841 [1999]; *Thompson v Marotta*, 256 AD2d 1124, 1125 [1998]; *Vernum v Zilka*, 241 AD2d 885, 886 [1997]). Here, in support of that branch of his cross motion which was for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action insofar as asserted against him, the defendant submitted his own affidavit, in which he stated that, in exchange for the plaintiff's construction work, he would provide architectural services for a building that the plaintiff was planning to renovate. The defendant's submission thus failed to establish, prima facie, that the plaintiff was not "employed" at the construction site within the meaning of Labor Law § 2 (7). Consequently, that branch of the defendant's cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against him should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiff's remaining contention is without merit. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.