(January 20, 2016)

■ MOHAMMED ASLAM, Respondent, v NEIGHBORHOOD PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Appellants. (And a Third-Party Action.) [24 NYS3d 147]—

In an action to recover damages for personal injuries, the defendants Neighborhood Partnership Housing Development Fund Company, Inc., and Delight Construction Corp. appeal from an order of the Supreme Court, Kings County (Schack, J.), dated March 31, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability as to his cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability as to his cause of action pursuant to Labor Law § 240 (1) is denied.

On September 12, 2006, the plaintiff allegedly was injured after he fell from a scaffold. At the time of the accident, the plaintiff was employed by the third-party defendant, Delight Contracting Corp., on premises owned by the defendant Neighborhood Partnership Housing Development Fund Company, Inc. The plaintiff's employer was allegedly performing work pursuant to a subcontract with the general contractor, the defendant Delight Construction Corp. The plaintiff commenced this action against both the owner and general contractor, alleging, inter alia, a cause of action pursuant to Labor Law § 240 (1), for alleged violations of Labor Law § 240 (1), (2) and (3).

After issue was joined, the plaintiff moved for summary judgment on the issue of liability as to that cause of action. In his moving papers, the plaintiff contended that he had received permission from his employer to do work on the subject build-

ing on the day of his accident. In opposition to the plaintiff's motion, the owner and general contractor contended that the plaintiff was expressly prohibited from performing work on the subject building until certain demolition work was completed. The Supreme Court granted the plaintiff's motion. The defendants appeal.

Labor Law § 240 (1) imposes "upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" for failure to provide proper protection from elevation-related hazards (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]). That subdivision, in pertinent part, requires the owner and general contractor to provide adequate safety devices to persons "employed" at the work site (Labor Law § 240 [1]; *see Barreto v Metropolitan Transp. Auth.*, 25 NY3d at 433). Labor Law § 240 (1) "states when and by whom devices must be provided and then details in subdivisions (2) and (3) more specific requirements" (*Bryant v General Elec. Co.*, 221 AD2d 687, 689 [1995]), which the plaintiff alleges were violated in this case.

The Labor Law defines "employee" as "a mechanic, workingman or laborer working for another for hire" (Labor Law § 2 [5]), and "employed" as "permitted or suffered to work" (Labor Law § 2 [7]). "To come within the special class for whose benefit absolute liability is imposed upon contractors, owners and their agents to furnish safe equipment for employees under section 240 of the Labor Law, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]).

The plaintiff, as the party moving for summary judgment, met his prima facie burden of showing that he was an employee for hire, "permitted or suffered" to work at the site on the day of his accident (*see Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 674 [2013]), and that the defendants violated the requirements of Labor Law § 240, which was a proximate cause of the accident (*see Bermejo v New York City Health & Hosps. Corp.*, 119 AD3d 500, 501 [2014]; *De Jara v 44-14 Newtown Rd. Apt. Corp.*, 307 AD2d 948, 949-950 [2003]). However, in opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact as to whether the plaintiff had permission to perform work at the site on the day of the accident (*see Whelen v Warwick Val. Civic & Social Club*, 47 NY2d at 971; *Lazri v Kingston City Consol. School Dist.*, 95 AD3d 1642

[2012]; *Singh v City of New York*, 68 AD3d 1095 [2009]; *Haque v Crown Hgts. NRP Assoc., LP*, 33 AD3d 864 [2006]).

Accordingly, the Supreme Court should have denied the plaintiff's motion.

In light of our determination, we need not reach the defendants' remaining contentions. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.