■ JUAN P. SANCHEZ, Appellant-Respondent, v METRO BUILDERS CORP., Defendant/Third-Party Plaintiff-Respondent-Appellant, and JMZ BUILDERS, INC., Respondent. JORGE LEMA, Individually and Doing Business as COCOS BROTHERS, et al., Third-Party Defendants-Respondents. [25 NYS3d 274]—

In an action, inter alia, to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 2, 2013, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff, Metro Builders Corp., and the defendant third-party plaintiff, Metro Builders Corp., cross-appeals from so much of the same order as denied, as untimely, its cross motion for summary judgment dismissing the complaint insofar as asserted against it, for summary judgment in its favor on its cross claim for contractual indemnification against the defendant JMZ Builders, Inc., and for summary judgment in its favor on the first cause of action in its third-party complaint seeking common-law indemnification and contribution against the third-party defendants, Jorge Lema, individually and doing business as Cocos Brothers, and Marco B. Lema, individually and doing business as Cocos Brothers, and (2) the plaintiff appeals, as limited by his brief, from so much of an order of the same court dated February 21, 2014, as, upon reargument,

adhered to so much of the original determination in the order dated December 2, 2013, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant/third-party plaintiff, Metro Builders Corp.

Ordered that the plaintiff's appeal from the order dated December 2, 2013, is dismissed, as the portion of the order appealed from by the plaintiff was superseded by the order dated February 21, 2014, made upon reargument; and it is further,

Ordered that the order dated December 2, 2013, is modified, on the law, (1) by deleting the provision thereof denying, as untimely, that branch of the cross motion of the defendant/third-party plaintiff, Metro Builders Corp., which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provision thereof denying, as untimely, those branches of the cross motion of the defendant third-party plaintiff, Metro Builders Corp., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor a provision denying those branches of the cross motion on the merits; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order dated February 21, 2014, is reversed insofar as appealed from, on the law, and, upon reargument, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant/third-party plaintiff, Metro Builders Corp., is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant/third-party plaintiff, Metro Builders Corp., and one bill of costs is awarded to the third-party defendants, Jorge Lema, individually and doing business as Cocos Brothers, and Marco B. Lema, individually and doing business as Cocos Brothers, payable by the defendant/third-party plaintiff, Metro Builders Corp.

The plaintiff commenced this personal injury action in connection with injuries he allegedly sustained as a result of a workplace accident that occurred on January 14, 2010, at property located in Poughkeepsie. A single-family house was being built at the subject property from the ground up, as new

construction. The accident allegedly took place when the plaintiff was on the roof of the house, pushing off snow. The plaintiff had a knotted rope around his waist acting as a safety line when the knot came loose, causing him to fall approximately three stories to the ground. The complaint alleged violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence, against the construction project general contractor, the defendant/third-party plaintiff, Metro Builders Corp. (hereafter Metro), and the defendant JMZ Builders, Inc. (hereinafter JMZ), a roofing and siding subcontractor hired by Metro. Metro asserted a cross claim for contractual indemnification against JMZ based on a written indemnification agreement between them dated December 2, 2009. Subsequently, Metro commenced a third-party action for common-law indemnification against the plaintiff's employers, Jorge Lema, individually and doing business as Cocos Brothers, and Marco B. Lema, individually and doing business as Cocos Brothers (hereinafter collectively Cocos Brothers), who were hired by JMZ as a roofing subcontractor. Insofar as is pertinent, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment in his favor and against Metro on the issue of liability with respect to his cause of action alleging a violation of Labor Law § 240 (1), upon finding that the plaintiff failed to demonstrate, prima facie, that Metro had the authority to supervise and control the snow removal in which the plaintiff was engaged at the time of his fall, and, upon reargument, adhered to its original determination. The court also denied, as untimely, Metro's cross motion for summary judgment (1) dismissing the complaint insofar as asserted against it, (2) in its favor and against JMZ on its cross claim for contractual indemnification, and (3) on its third-party cause of action for common-law indemnification against Cocos Brothers.

We agree with Metro that, contrary to the Supreme Court's determination, that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was timely pursuant to CPLR 2215 (*see Mora v Nakash*, 118 AD3d 964 [2014]). However, the remaining branches of Metro's motion cannot be considered as a cross motion because Metro sought affirmative relief against nonmoving parties, i.e., JMZ and Cocos Brothers (*see Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986 [2005]). Because Metro moved for summary judgment relief against JMZ and Cocos Brothers after the deadline to make a motion for summary judgment had passed, and failed to demonstrate good cause for the delay, those branches of Metro's motion against JMZ and Cocos Broth-

ers were correctly deemed untimely and rejected as such by the court (*see* CPLR 3212 [a]; *Gaines v Shell-Mar Foods, Inc.*, 21 AD3d at 986; *Milano v George*, 17 AD3d 644 [2005]).

"Labor Law § 240 (1) provides exceptional protection for workers against the 'special hazards' that arise when either the work site itself is elevated or is positioned below the level where materials or load are being hoisted or secured" (*Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]). The failure of an owner or an agent of the owner "to furnish or erect suitable devices to protect workers when work is being performed" results in absolute liability against that owner or the owner's agent under the statute (*Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *see Pineda v 79 Barrow St. Owners Corp.*, 297 AD2d 634 [2002]), and the duty to provide a suitable safety device under Labor Law § 240 (1), moreover, is nondelegable (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). A general contractor is not considered a statutory agent of the property owner for Labor Law § 240 (1) liability purposes, unless that contractor had the authority to supervise and control significant aspects of the construction project, such as safety, at the time of the accident (*see Kilmetis v Creative Pool & Spa, Inc.*, 74 AD3d 1289 [2010]).

Contrary to the Supreme Court's determination, the plaintiff established, prima facie, that Metro was a statutory agent of the property owner on the construction project through the submission of Metro's admission that it was hired by the property owners as the general contractor on the project, and evidence that Metro undertook general contractor duties by coordinating and supervising the project, and hiring and paying subcontractors (*see Barrios v City of New York*, 75 AD3d 517 [2010]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518 [2008]; *Szpakowski v Shelby Realty, LLC*, 48 AD3d 268 [2008]). The plaintiff further demonstrated, prima facie, with evidence in admissible form, that adequate safety devices were not provided to him in violation of Labor Law § 240 (1), and that said violation was a proximate cause of his injuries (*see Hamilton v Kushnir Realty Co.*, 51 AD3d 864 [2008]).

In opposition, Metro failed to raise a triable issue of fact. Metro's contention, which was also raised in support of those branches of its cross motion which were for summary judgment dismissing the causes of action alleging Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, that the plaintiff's conduct was the sole proximate cause of his injuries, is without merit (*see Doto v Astoria Energy II, LLC*, 129 AD3d 660 [2015]; *Baker v Essex Homes of W. N.Y., Inc.*, 55 AD3d 1332 [2008]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar asserted against Metro, and those branches of Metro's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) should have been denied on the merits.

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501-502; *Lombardi v Stout*, 80 NY2d at 294; *Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]). Where, as here, "a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*id.* at 62). However, " '[t]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence' " (*Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2010], quoting *Gasques v State of New York*, 59 AD3d 666, 668 [2009]; *see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1125 [2010]). Here, in opposition to Metro's prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court should have granted that branch of Metro's cross motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.