■ MARCOS TULIO BENAVIDEZ-PORTILLO, Appellant, v G.B. CONSTRUCTION AND DEVELOPMENT, INC., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. MARCOR CONSTRUCTION, INC., Third-Party Defendant-Respondent. [51 NYS3d 141]—

Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated April 16, 2015. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs.

The defendant G.B. Construction and Development, Inc. (hereinafter G.B. Construction), allegedly was retained as a general contractor to perform siding and roofing work on a home, and G.B. Construction subcontracted the roofing work to the third-party defendant, Marcor Construction, Inc. (hereinafter Marcor). On September 13, 2011, the plaintiff, an employee of Marcor, allegedly was injured while performing roofing work when he fell from the roof of a garage at the subject property. The plaintiff commenced this action to recover damages for personal injuries against, among others, G.B. Construction, alleging violations of Labor Law §§ 200, 240 (1), and 241 (6). G.B. Construction commenced a third-party action against Marcor. The plaintiff moved for summary judgment on the is-

sue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The motion was opposed by G.B. Construction and Marcor. In an order dated April 16, 2015, the Supreme Court denied the motion, concluding, among other things, that summary judgment was premature. The plaintiff appeals from the order.

We conclude that, contrary to the plaintiff's contention, the Supreme Court properly denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), albeit for reasons different from those stated in the order appealed from. "Labor Law § 240 (1) imposes 'upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work' for failure to provide proper protection from elevation-related hazards" (*Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 135 AD3d 790, 791 [2016], quoting *Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]). " 'To recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident' " (*Scofield v Avante Contr. Corp.*, 135 AD3d 929, 930-931 [2016], quoting *Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653 [2014]). " 'Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)' " (*Scofield v Avante Contr. Corp.*, 135 AD3d at 931, quoting *Garcia v Market Assoc.*, 123 AD3d 661, 663 [2014]).

Here, the plaintiff established, prima facie, that G.B. Construction was the general contractor on the subject project within the meaning of Labor Law § 240 (1) (*see Guanopatin v Flushing Acquisition Holdings, LLC*, 127 AD3d 812, 813 [2015]; *Williams v Dover Home Improvement*, 276 AD2d 626 [2000]), that adequate safety devices were not provided to him in violation of Labor Law § 240 (1), and that the violation was a proximate cause of his injuries (*see Sanchez v Metro Bldrs. Corp.*, 136 AD3d 783, 786 [2016]; *Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d 962, 963 [2012]). In opposition to the plaintiff's prima facie showing, G.B. Construction failed to raise a triable issue of fact.

However, Marcor raised a triable issue of fact as to whether the plaintiff was the sole proximate cause of his own injuries (*see Godoy v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 104 AD3d 646, 647-648 [2013]) by submitting evidence that the plaintiff was not authorized or instructed to work on

the roof of the garage at the time of the accident (see *Jardin v A Very Special Place, Inc.*, 138 AD3d 927, 930 [2016]; *Vega v Renaissance 632 Broadway, LLC*, 103 AD3d 883, 885 [2013]; *John v Klewin Bldg. Co., Inc.*, 94 AD3d 1502, 1503-1504 [2012]; *Serrano v Popovic*, 91 AD3d 626, 627 [2012]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.