Dos Anjos v Palagonia (2018 NY Slip Op 06514)





Dos Anjos v Palagonia


2018 NY Slip Op 06514


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06352
 (Index No. 608327/16)

[*1]Gilberto Dos Anjos, respondent, 
v
Tiffany Palagonia, defendant, Automatic Group, Inc., et al., appellants.


Kaufman Dolowich & Voluck, Woodbury, NY (Roland A. Vitanza of counsel), for appellants.
Rosenberg & Gluck, LLP, Holtsville, NY (Michael J. Famiglietti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Automatic Group, Inc., Stewart Senter, Inc., and Stewart Senter, Inc., Builders appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered April 21, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Automatic Group, Inc., Stewart Senter, Inc., and Stewart Senter, Inc., Builders (hereinafter collectively the Stewart defendants), to recover damages for personal injuries, asserting causes of action pursuant to Labor Law §§ 200, 240, and 241(6), and common-law negligence. The Stewart defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motion. The Stewart defendants appeal, and we affirm.
The record supports the Supreme Court's determination to deny those branches of the Stewart defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240, and 241(6) insofar as asserted against them on the ground that the plaintiff was not entitled to protection under those statutes. "[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent'" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577, quoting Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [citations omitted]). Here, the Stewart defendants met their prima facie burden for summary judgment dismissing the Labor Law causes of action by establishing that neither the plaintiff nor his employer had been retained to perform work on the subject project (see Bastidas v Epic Realty, LLC, 47 AD3d 861, 862; Passante v Peck & Sander Props., LLC, 33 AD3d 980, 980; cf. Aloise v Saulo, 51 AD3d 829, 830). In opposition, however, the plaintiff raised a triable issue of fact as to whether the Stewart defendants [*2]retained the plaintiff's employer to perform floor installation work on the project (see Bastidas v Epic Realty, LLC, 47 AD3d at 862).
The record also supports the Supreme Court's determination to deny those branches of the Stewart defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, based upon their contention that the plaintiff's conduct was the sole proximate cause of the accident. "Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; see Honeyman v Curiosity Works, Inc., 154 AD3d 820, 822). The Stewart defendants met their prima facie burden for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence by establishing that the plaintiff allegedly forced his way through a locked door and that such conduct was the sole proximate cause of the accident (see Capellan v King Wire Co., 19 AD3d 530, 532; see also Weingarten v Windsor Owners Corp., 5 AD3d 674, 677). In opposition, however, the plaintiff raised a triable issue of fact through his affidavit, in which he claimed that the subject door was unlocked (see Zuckerman v City of New York, 49 NY2d 557, 562).
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court