Yaguachi v Park City 3 & 4 Apts., Inc. (2020 NY Slip Op 03691)





Yaguachi v Park City 3 & 4 Apts., Inc.


2020 NY Slip Op 03691


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-04982
 (Index No. 13524/12)

[*1]Luis Yaguachi, appellant, 
v
Park City 3 and 4 Apartments, Inc., et al., respondents (and a third-party action).


Oresky & Associates, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Jennifer B. Ettenger], of counsel), for respondent Park City 3 and 4 Apartments, Inc.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Colleen E. Hastie of counsel), for respondent Phoenix Bridging, Inc.
Wade Clark Mulcahy LLP, New York, NY (Nicole Y. Brown of counsel), for respondent Phoenix Building Restorers, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated February 13, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On January 25, 2012, the plaintiff, during the course of his employment, allegedly fell approximately thirty feet from a balcony at an apartment complex located in Queens, sustaining personal injuries. The plaintiff commenced this action against the defendants, Park City 3 and 4 Apartments, Inc. (hereinafter Park City), Phoenix Building Restorers, Inc. (hereinafter PBR), and Phoenix Bridging, Inc. (hereinafter Bridging), alleging violations of, inter alia, Labor Law §§ 240(1)
and 241(6).
Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants separately opposed the motion. Bridging also moved for certain relief not relevant to this appeal. The Supreme Court, inter alia, denied the motion and the plaintiff appeals.
"Labor Law § 240(1) imposes upon owners, general contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work' for failure to provide proper protection from elevation-related hazards" (Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 135 AD3d 790, 791, quoting Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433). " A party which has the authority to enforce safety standards and choose responsible subcontractors is considered a contractor under Labor Law § 240(1)'" (Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 813, quoting Williams v Dover Home [*2]Improvement, 276 AD2d 626, 626). "An agency relationship for purposes of section 240(1) arises only when work is delegated to a third party who obtains the authority to supervise and control the job. Where responsibility for the activity surrounding an injury was not delegated to the third party, there is no agency liability under the statute" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293).
Here, as to Park City and PBR, the plaintiff demonstrated, prima facie, that Park City owned the subject apartment buildings, that it contracted with PBR to renovate the external balconies of the buildings, and that the hook which held the safety cable to the wall came out causing the plaintiff to fall to the ground and sustain injuries (see Benavidez-Portillo v G.B. Constr. & Dev., Inc., 149 AD3d 681, 682; Sanchez v Metro Bldrs. Corp., 136 AD3d 783, 786). In opposition, however, Park City and PBR raised triable issues of fact as to the circumstances under which the plaintiff's accident occurred, whether the hook holding the safety cable actually failed, and whether the plaintiff was acting outside the scope of his authority by working on the balcony (see Jardin v A Very Special Place, Inc., 138 AD3d 927; Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 135 AD3d at 791). Therefore, we agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Park City and PBR.
As to Bridging, the plaintiff failed to meet his prima facie burden demonstrating his entitlement to judgment as a matter of law. The plaintiff's submissions failed to establish that Bridging was subject to liability either as an owner, general contractor, or statutory agent (see Russin v Louis N. Picciano & Son, 54 NY2d 311; Bennett v Hucke, 131 AD3d 993, affd 28 NY3d 964; Fucci v Duglas S. Plotke, Jr., Inc., 124 AD3d 835). Therefore, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Bridging, regardless of the sufficiency of Bridging's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., ROMAN, LASALLE and CONNOLLY, JJ., concur.
ENTER: Aprilanne Agostino
Clerk of the Court