Pastier v C.A.C. Indus., Inc. (2022 NY Slip Op 02812)

Pastier v C.A.C. Indus., Inc.

2022 NY Slip Op 02812

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-09670
 (Index No. 604276/15)

[*1]Paul Pastier, appellant, 
v
C.A.C. Industries, Inc., et al., respondents.

Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent C.A.C. Industries, Inc.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY (James O'Brien & Eric G. Cheng of counsel), for respondent Gibbons, Esposito & Boyce Engineers, P.C.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 10, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendant C.A.C. Industries, Inc., and the defendant Gibbons, Esposito & Boyce Engineers, P.C., which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant C.A.C. Industries, Inc.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On October 23, 2012, at approximately midnight, the plaintiff allegedly was injured while walking on a grass-covered median between the main eastbound road and a service road of the Pelham Parkway in the Bronx when he fell into a hole which he estimated to be approximately two feet deep. The plaintiff, an electrician employed by nonparty Hellman Electric (hereinafter Hellman), was at that location pursuant to an agreement between Hellman and the City of New York Department of Transportation to perform streetlight maintenance throughout the City. As of the date of the accident, various areas involving the Pelham Parkway were undergoing reconstruction. The City of New York Department of Design and Construction had retained the defendant C.A.C. Industries, Inc. (hereinafter CAC), as the general contractor for the reconstruction project, and hired the defendant Gibbons, Esposito & Boyce Engineers, P.C., to provide engineering inspection services during the project.
In July 2015, the plaintiff commenced this action against the defendants to recover damages for personal injuries, asserting, inter alia, causes of action alleging violations of Labor Law §§ 200, 240, and 241, and common-law negligence. Thereafter, the defendants separately moved, [*2]inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against CAC. In an order entered July 10, 2019, the Supreme Court, among other things, granted those branches of the defendants' separate motions and denied the plaintiff's cross motion. The plaintiff appeals.
The Labor Law defines "employee" as "a mechanic, workingman or laborer working for another for hire" (id. § 2[5]), and "employed" as "permitted or suffered to work" (id. § 2[7]; see Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 135 AD3d 790, 791). Thus, "'[i]n order to invoke the protections afforded by the Labor Law and to come within the special class . . . for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent'" (Yong Qiao Zhao v A.T.C. Constr. Group Corp., 190 AD3d 788, 789, quoting Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577; see Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 135 AD3d at 791). Here, the defendants established, prima facie, that neither the plaintiff nor his employer had been retained to perform any work pertaining to the reconstruction project involving the Pelham Parkway (see Dos Anjos v Palagonia, 165 AD3d 626, 627; Bastidas v Epic Realty, LLC, 47 AD3d 861, 862), and thus, the plaintiff was not within the class of persons subject to the protections of the Labor Law (see Mordkofsky v V.C.V. Dev. Corp., 76 NY2d at 577; Bosconi v Thomas R. Stachecki Gen. Contr., LLC, 186 AD3d 1600, 1601; Passante v Peck & Sander Props., LLC, 33 AD3d 980; Jones v Fried, 21 AD3d 1059, 1061). Further, the defendants established, prima facie, that they did not create or have actual or constructive notice of the condition that allegedly caused the accident by submitting evidence that no excavation work or tree removal work had been performed in the area where the plaintiff fell as of the date of the accident (see Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294). In opposition to the defendants' prima facie showings, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against CAC.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court