I.P. v Bonilla (2023 NY Slip Op 02528)

I.P. v Bonilla

2023 NY Slip Op 02528

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-08067
 (Index No. 518539/17)

[*1]I. P., etc., appellant, 
v
Raul Bonilla, respondent.

Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Nicolini Paradise Ferretti & Sabella, PLLC, Mineola, NY (Anthony Abruscati of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 24, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a roofing assistant employed by nonparty Bentzys Corporation, was working on a construction project at a building in Brooklyn. The plaintiff alleged that he fell from a ladder while he was repairing a hole in the roof of a neighboring garage owned by the defendant, which was not part of the construction site where the plaintiff was employed. The plaintiff commenced this action to recover damages for personal injuries against the defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated September 24, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent'" (Dos Anjos v Palagonia, 165 AD3d 626, 627, quoting Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [internal quotation marks omitted]; see Pastier v C.A.C. Indus., Inc., 204 AD3d 1029, 1030). Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the Labor Law causes of action by demonstrating that he never requested or authorized anyone to perform repairs to his garage during the period in question. Moreover, the defendant established that he had never heard of the plaintiff's employer and did not know the plaintiff.
For the same reasons, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action (see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 690).
In opposition, the plaintiff failed to raise a triable issue of fact (see Pastier v C.A.C. Indus., Inc., 204 AD3d at 1031; Passante v Peck & Sander Props., LLC, 33 AD3d 980, 980). Contrary to the plaintiff's contention, the Supreme Court properly declined to consider an affidavit from his coworker (see Kontos v Koakos Syllogos "Ippocrates," Inc., 11 AD3d 661, 661; Concetto v Pedalino, 308 AD2d 470, 470-471).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court