**Melendez v 275 Canal SPE LLC**

2025 NY Slip Op 30719(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 162578/2019

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** **33M** |
| | *Justice* | |

-------------------------------------------------------------------X

ALEXIS MELENDEZ,

                              Plaintiff,

                     - v -

275 CANAL SPE LLC, BOSSE, LLC,

                              Defendant.

-------------------------------------------------------------------X

BOSSE, LLC

                              Plaintiff,

               -against-

A&B REMODELING GROUP INC.

                              Defendant.

-------------------------------------------------------------------X

275 CANAL SPE LLC

                              Plaintiff,

               -against-

GANNI INC.

                              Defendant.

-------------------------------------------------------------------X

**INDEX NO.** 162578/2019

**MOTION DATE** 10/26/2023

**MOTION SEQ. NO.** 001

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595689/2020

Second Third-Party
Index No. 595275/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 99, 100, 101, 102, 103, 105, 107, 108

were read on this motion to/for              JUDGMENT - SUMMARY        .

      Upon the foregoing documents, and after a final submission date of December 17, 2024,

Plaintiff Alexis Melendez's ("Plaintiff") motion for summary judgment on the issue of liability on

his Labor Law §§ 240(1) and 241(6) claims against Defendants/Third-Party Plaintiffs 275 Canal SPE LLC ("275 Canal") and Bosse, LLC ("Bosse") is denied.

275 Canal's cross-motion seeking summary judgment dismissing Plaintiff's Labor Law §§ 241(6) and 200 claims, an award of contractual indemnification against Defendants Bosse and Ganni Inc. ("Ganni"), summary judgment on its breach of contract claims against Bosse and Ganni, and dismissal of all crossclaims and counterclaims asserted against 275 Canal is granted in part and denied in part.

## I. Background

On November 29, 2019, subcontractor A&B Remodeling Group, Inc. ("A&B Remodeling") employed Plaintiff as a laborer at a construction project at 275 Canal Street, New York, New York (the "Premises"). Defendant/Third-Party Plaintiff 275 Canal owned the Premises and Defendant/Third-Party Plaintiff Bosse was the general contractor. Plaintiff fell while painting on a wheeled scaffold platform without guardrails in the portion of the Premises leased by Third-Party Defendant Ganni. According to Plaintiff's employer, he was not supposed to be working on the date of his accident, nor was he ever instructed to paint (NYSCEF Doc. 61 at 36, 46-47, 49).

Plaintiff moves for summary judgment on his Labor Law §§ 240(1) and 241(6) claims. 275 Canal cross moves for summary judgment seeking dismissal of Plaintiff's Labor Law §§ 241(6) and 200 claims, dismissal of all crossclaims and counterclaims asserted against them, and an award of summary judgment on its contractual indemnification and breach of contract claims against Bosse and Ganni.

## II.    Discussion

### A.  Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B.  Plaintiff's Motion

Plaintiff's motion for summary judgment on his Labor Law §§ 240(1) and 241(6) claims against 275 Canal and Bosse is denied. As stated by the Court of Appeals, to recover under Labor Law §§ 200, 240, and 241, a plaintiff must establish that he was permitted to perform work on a structure (*Mordkofsky v V.C.V. Development Corp.*, 76 NY2d 573, 576 [1990]).  Before the Court is conflicting sworn testimony as to whether Plaintiff had permission to be at the Premises on the date of the accident and whether he was ever instructed to mount the scaffold and to paint (NYSCEF Doc. 61 at 36, 46-47, 49). Where there is conflicting evidence as to whether a plaintiff had permission to perform work at the accident site, a motion for summary judgment premised on Labor Law §§ 240(1) and 241(6) should be denied (*Goya v Longwood Hous. Dev. Fund Co., Inc.*, 167 AD3d 402 [1st Dept 2018] citing *Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 135 AD3d 790, 791-792 [2d Dept 2016]).

To the extent Plaintiff argues that "Cesar" authorized Plaintiff to be at the worksite, this is a triable issue of fact which precludes summary judgment. There is no deposition testimony from Cesar indicating what authority, if any, he had to permit individuals to be at the worksite. Moreover, according to Plaintiff's supervisor, Cesar was explicitly told only he was allowed on the worksite at the time of Plaintiff's accident (NYSCEF Doc. 61 at 49; 53). Accordingly, Plaintiff's motion is denied.

### C. 275 Canal's Cross Motion

#### i. Dismissal of Plaintiff's Labor Law §§ 241(6) and 200 claims

The branch of 275 Canal's cross motion seeking dismissal of Plaintiff's Labor Law § 241(6) claims is granted in part and denied in part. 275 Canal is correct Plaintiff's Bill of Particulars fails to cite specific subdivisions of certain sections of the Industrial Code. However, on Plaintiff's motion for summary judgment, and in opposition to 275 Canal's cross motion, Plaintiff cites specifically for liability under Labor Law § 241(6) predicated on a violation of Industrial Code §§ 23- 5.18(b), (e), and (g).

275 Canal has not shown the requisite prejudice by Plaintiff's failure to cite to specific subdivisions during discovery to warrant dismissal of Plaintiff's § 241(6) claim. (*see Cevallos v Morning Dun Realty, Corp.*, 78 AD3d 547, 549 [1st Dept 2010]). As 275 Canal offers no substantive reasons for dismissal, these claims survive.

However, Plaintiff has failed to oppose dismissal of the remainder of his alleged Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23-5.1 and 23-5.3. Therefore, these claims are dismissed as abandoned (*see Caminiti v Extell West 57th Street LLC*, 166 AD3d 440 [1st Dept 2018]). The branch of 275 Canal's cross motion seeking dismissal of Plaintiff's Labor Law § 200 claim is granted as Plaintiff failed to oppose dismissal of those claims.

### ii.    Contractual Indemnification and Breach of Contract

275 Canal's cross motion seeking summary judgment on its contractual indemnification claim against Bosse is conditionally granted. The indemnification clause, found in § 9.15.1 of the agreement between 275 Canal and Bosse (NYSCEF Doc. 65) is clear that Bosse is "to the fullest extent permitted by law" to:

> "defend, indemnify and hold harmless [275 Canal]....from and against claims, damages, losses, and expenses, including but not limited to attorneys' fees arising out of or resulting from performance of [Bosse's work], provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, ...by any of [Bosse's] subcontractors....but only to the extent caused by the acts or omissions of [Bosse], a subcontractor, or anyone directly or indirectly employed by them... ."

Here, it is undisputed that Plaintiff was employed by Bosse's subcontractor, A&B Remodeling, and that he claims injuries arising from A&B Remodeling's work. Therefore 275 Canal and Bosse's indemnification clause is triggered, and Bosse is required to indemnify 275 Canal to the extent Bosse and A&B Remodeling are found responsible for Plaintiff's injuries (*see, e.g. Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc.*, 224 AD3d 488, 491 [1st Dept 2024]; *Estevez v SLG 100 Park LLC*, 215 AD3d 566, 570 [1st Dept 2023]).

Likewise, 275 Canal's cross motion seeking summary judgment on its contractual indemnification claim against Ganni is conditionally granted.[1] The indemnification clause found in § 71 of the lease rider executed between 275 Canal and Ganni provides:

> "[Ganni] shall defend, indemnity and hold [275 Canal] harmless from and against any and all claims, losses, liability or expense, including reasonable attorney's fees...arising out of [Ganni's] use of the demised premises and/or arising in or about the demised premises or any part thereof from any other causes due to the negligence, carelessness or otherwise improper conduct (including illegal activities) of Ganni, its servants, agents, employees, visitors, licensees during the Term of this Lease."

---

[1] Although 275 Canal argues Ganni's opposition should not be considered because it is untimely, in the interest of resolving cases on the merits, and pursuant to CPLR 2004, the Court will consider Ganni's opposition.

**162578/2019  MELENDEZ, ALEXIS vs. 275 CANAL SPE LLC**          **Page 5 of 8**
**Motion No.  001**

Plaintiff's alleged injury occurred in the premises leased by Ganni during Ganni's lease term. Ganni's indemnification clause is broad in that it agreed to indemnify 275 Canal for any claim "due to the negligence...of Ganni, its servants, agents, employers, visitors, [and/or] licensees." It is further undisputed that Ganni entered an agreement with Bosse to complete painting work (NYSCEF Doc. 68). Therefore, 275 Canal and Ganni's indemnification clause is triggered. 275 Canal is entitled to indemnification from Ganni to the extent Ganni or its agents may be found negligent (*see also Bonaerge v Leighton House Condomnium*, 134 AD3d 648, 650 [1st Dept 2015]).[2]

However, 275 Canal's cross motion for summary judgment on its breach of contract for failure to procure insurance claims against Bosse and Ganni is denied. A party moving for summary judgment for failure to procure insurance must show correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402 [1st Dept 2023]). 275 Canal has not met its burden. It failed to annex any of the applicable insurance policies or communications from insurers declining coverage.[3]

### iii.     Crossclaims Asserted Against 275 Canal

The crossclaims for common law indemnification and contribution against 275 Canal are dismissed. There is no evidence that 275 Canal was actively negligent. Plaintiff even abandoned his Labor Law § 200 claim against 275 Canal. Nor are there applicable contractual agreements

---

[2] Although Ganni in opposition argues for dismissal of various causes of action asserted by Plaintiff and 275 Canal, Ganni never filed a formal cross-motion seeking said relief and therefore the Court will not entertain Ganni's request (*see Fifth Partners LLC v Foley*, 227 AD3d 543 [1st Dept 2024]).

[3] NYSCEF Doc 95 shows that Ganni met its contractual obligations to obtain the required insurance and were providing 275 Canal with a defense subject to a reservation of rights.

**162578/2019   MELENDEZ, ALEXIS vs. 275 CANAL SPE LLC**
**Motion No.  001**

**Page 6 of 8**

where 275 Canal agreed to indemnify Ganni and Bosse. Therefore, the crossclaims asserted against 275 Canal are dismissed.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment on the issue of liability under his Labor Law §§ 240(1) and 241(6) claims is denied; and it is further

ORDERED that Defendant/Third-Party Plaintiff 275 Canal's cross motion is granted in part and denied in part; and it is further

ORDERED that Defendant/Third-Party Plaintiff 275 Canal's cross motion is denied to the extent it seeks dismissal of Plaintiff's Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23- 5.18(b), (e), and (g); and it is further

ORDERED that Defendant/Third-Party Plaintiff 275 Canal's cross motion is granted to the extent Plaintiff's Labor Law § 241(6) claims predicated on violations of Industrial Code §§ 23-5.1 and 23-5.3 and Labor Law § 200, as alleged against Defendant/Third-Party Plaintiff 275 Canal, are dismissed without opposition; and it is further

ORDERED Defendant/Third-Party Plaintiff 275 Canal's cross motion for summary judgment on its claims for contractual indemnification against Defendant/Third-Party Plaintiff Bosse LLC and Third-Party Defendant Ganni, Inc. is granted on condition of a finding of negligence against these parties; and it is further

ORDERED that Defendant/Third-Party Plaintiff 275 Canal's cross motion is granted to the extent that all crossclaims and counterclaims against it are dismissed; and it is further

ORDERED that that Defendant/Third-Party Plaintiff 275 Canal's cross motion for summary judgment on its breach of contract for failure to procure insurance claims against

**162578/2019 MELENDEZ, ALEXIS vs. 275 CANAL SPE LLC**
**Motion No. 001**

**Page 7 of 8**

Defendant/Third-Party Plaintiff Bosse LLC and Third-Party Defendant Ganni, Inc. is denied; and it is further

ORDERED within ten days of entry, counsel for Defendant/Third-Party Plaintiff 275 Canal shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| _____3/3/2025_____ | | | | _____My V Ros. + JSC_____ | |
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 8]