■ DONALD SCOTT, Appellant, v SCOTT'S LANDING, INC., Respondent. [715 NYS2d 135] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell off the roof of defendant's place of business while attempting to secure a metal sheet over an air conditioning unit. The complaint alleges, *inter alia,* violations of Labor Law §§ 200, 240 (1) and § 241 (6). Supreme Court erred in determining that defendant is entitled to summary judgment based upon the absence of liability insurance coverage for plaintiff's accident. The issue of liability insurance coverage is unrelated to the subject matter of this personal injury action, and should have been raised in a declaratory judgment action (*see, Kaczmarek v Shoffstall,* 119 AD2d 1001, 1002). Nevertheless, the court properly granted defendant's motion for summary judgment dismissing the complaint because defendant established its entitlement to judgment as a matter of law and plaintiff failed to raise a triable issue of fact. Defendant submitted proof establishing that plaintiff is both the owner of the building where the accident occurred and the sole shareholder, officer and director of defendant corporation. Plaintiff therefore was not "working for another for hire" (Labor Law § 2 [5]) and did not come within the class of persons protected by the Labor Law (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 577; *Maddox v City of New York,* 108 AD2d 42, 46-47, *affd* 66 NY2d 270; *Yearke v Zarcone,* 57 AD2d 457, 460, *lv denied* 43 NY2d 643).

In any event, even assuming, arguendo, that plaintiff is an "employee" entitled to the protection of the Labor Law, we conclude that defendant established its entitlement to judgment dismissing each Labor Law claim and plaintiff failed to raise a triable issue of fact. Defendant submitted proof establishing that plaintiff was performing routine maintenance unconnected to any construction work at the time of the accident, and thus he was not engaged in an activity protected under Labor Law § 240 (1) or § 241 (6) (*see, Haghighi v Bailer,* 240 AD2d 368; *see also, Jock v Fien,* 80 NY2d 965, 968). Further, defendant established that plaintiff was the only person responsible for supervising and directing the manner in which the injury-producing work was performed, and thus defendant is entitled to judgment dismissing the Labor Law § 200 claim (*see generally, Ruszkowski v Sears, Roebuck & Co.,* 188 AD2d 967, 968, *lv denied* 82 NY2d 654). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.