Bosconi v Thomas R. Stachecki Gen. Contr., LLC (2020 NY Slip Op 05178)





Bosconi v Thomas R. Stachecki Gen. Contr., LLC


2020 NY Slip Op 05178


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02907
 (Index No. 32252/12)

[*1]Enrico Bosconi, appellant, 
v
Thomas R. Stachecki General Contracting, LLC, respondent. Cellino & Barnes, P.C., Garden City, NY (John Lavelle of counsel), for appellant.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 14, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant, Thomas R. Stachecki General Contracting, LLC, to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff allegedly was injured when a set of temporary stairs installed by the defendant collapsed underneath him at a construction site within an apartment complex. At the time of the accident, the plaintiff allegedly was employed as the property manager of the apartment complex, and was the sole member of the corporation which owned the apartment complex. The defendant contracted with the corporation that owned the apartment complex to perform framing work for the renovation of several apartment units on the premises.
Contrary to the plaintiff's contention, the defendant established, prima facie, that the plaintiff was not among the class of persons entitled to protection under Labor Law §§ 200, 240(1), and 241(6) (see Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577; Kuffour v Whitestone Constr. Corp., 94 AD3d 706, 707; Scott v Scott's Landing, 277 AD2d 918). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative, conclusory, and unsupported by the facts (see Rodriguez v D & S Bldrs., LLC, 98 AD3d 957, 958-959).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court