Auriemma v Brooklyn Hosp. Ctr. (2022 NY Slip Op 02775)

Auriemma v Brooklyn Hosp. Ctr.

2022 NY Slip Op 02775

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-06744 
2019-08074
 (Index No. 505096/14)

[*1]Thomas Auriemma, appellant, 
v
Brooklyn Hospital Center, defendant third-party plaintiff-respondent, et al., defendant; KCI USA, Inc., et al., third-party defendants.

Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellant.
Furman Kornfeld & Brennan, LLP (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Seth M. Weinberg], of counsel), for defendant third-party plaintiff-respondent.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (I. Elie Herman of counsel), for third-party defendants.
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 18, 2019, and (2) a judgment of the same court entered May 15, 2019. The order, insofar as appealed from, granted the motion of the defendant Brooklyn Hospital Center for summary judgment dismissing the complaint insofar as asserted against it. The judgment, upon the order, is in favor of the defendant Brooklyn Hospital Center and against the plaintiff, in effect, dismissing the complaint insofar as asserted against the defendant Brooklyn Hospital Center.

DECISION & ORDER
Motion by the defendant third-party plaintiff-respondent to dismiss the appeal from the order dated April 18, 2019, on the ground that the right of direct appeal therefrom terminated upon the entry of the judgment. By decision and order on motion of this Court dated June 22, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order dated April 18, 2019, is granted; and it is further,
ORDERED that the appeal from the order dated April 18, 2019, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Brooklyn Hospital Center payable by the plaintiff.
The appeal from the order dated April 18, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff alleges that he was injured when he fell from a truck as he was unloading mattresses at the Brooklyn Hospital Center (hereinafter the Hospital). He commenced this personal injury action against, among others, the Hospital, alleging, inter alia, that it violated Labor Law §§ 200, 240, and 241. Following discovery, the Hospital moved for summary judgment dismissing the complaint insofar as asserted against it, which the plaintiff opposed. By order dated April 18, 2019, the Supreme Court, among other things, granted the Hospital's motion. Thereafter, a judgment was entered, in effect, dismissing the complaint insofar as asserted against the Hospital. The plaintiff appeals.
"[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [citations and internal quotation marks omitted]; see Daeira v Genting N.Y., LLC, 173 AD3d 831, 834).
Here, the Hospital established, prima facie, that the plaintiff was not among the class of persons entitled to protection under Labor Law §§ 200, 240(1), and 241(6) (see Bosconi v Thomas R. Stachecki Gen. Contr., LLC, 186 AD3d 1600, 1601; Kuffour v Whitestone Constr. Corp., 94 AD3d 706, 707). In opposition, the plaintiff, who did not submit any evidence in opposition to the motion, failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the Hospital's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court