Lauria v Lippolis Constr., Inc. (2023 NY Slip Op 04374)

Lauria v Lippolis Constr., Inc.

2023 NY Slip Op 04374

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-05719
 (Index No. 617061/18)

[*1]Fred Lauria, appellant,
v
Lippolis Construction, Inc., respondent.

Faber & Troy, Woodbury, NY (Salvatore V. Agosta of counsel), for appellant.
Rebore, Thorpe & Pisarello, P.C., Farmingdale, NY (Michelle S. Russo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated July 13, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 16, 2016, the plaintiff, a building inspector for the Village of Port Washington North, allegedly was injured while conducting an inspection of a work site when he lowered himself into an open excavation, and then tripped and fell after stepping on the ground inside the excavation. In December 2018, the plaintiff commenced this action to recover damages for personal injuries against the defendant, the owner of the subject property and general contractor for the construction project, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated July 13, 2021, the Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff appeals.
"'[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent'" (Daeira v Genting N.Y., LLC, 173 AD3d 831, 834, quoting Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577; see Labor Law §§ 2[5], [7]). "[T]he clear legislative history of sections 200, 240 and 241 of the Labor Law . . . demonstrates that the Legislature's principal objective and purpose underlying these enactments was to provide for the health and safety of employees" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d at 577). Whether inspection work falls within the purview of the Labor Law "'must be determined on a case-by-case basis, depending on the context of the work'" (Channer v ABAX Inc., 169 AD3d 758, 759, quoting Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 883).
Here, the defendant established, prima facie, that the plaintiff was not within the class of persons subject to the protections of the Labor Law (see Martinez v City of New York, 93 NY2d 322, 326; Pastier v C.A.C. Indus., Inc., 204 AD3d 1029, 1030-1031; Auriemma v Brooklyn Hosp. Ctr., 204 AD3d 969; Marney v Cornell Kent II Holdings, 194 AD3d 917, 919). The defendant submitted, inter alia, a transcript of the plaintiff's deposition testimony, which demonstrated that neither the plaintiff nor his employer, the Village, had been retained to perform any work on the subject project, and that the plaintiff allegedly was injured while performing a visual inspection of an excavation after the property had been "fully excavated." In opposition, the plaintiff, who did not submit any evidence in opposition to the defendant's motion, failed to raise a triable issue of fact (see Auriemma v Brooklyn Hosp. Ctr., 204 AD3d 969, 970).
In light of our determination, we need not reach the defendant's remaining contentions.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court